IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONEY PRESTON MATHIS<br><br>      Plaintiff<br> VS.<br><br>HILTON HALL, WARDEN, *et al*.,<br><br>      Defendants | NO.  5:08-CV-332 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is a motion seeking summary judgment filed by defendants Hilton Hall, A. Gardner, and Betty Lance.[1]  Tab #32.  The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits.  Plaintiff Doney Preston Mathis has responded to the motion (Tab #34), and the defendants have replied thereto (Tab #41).  The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts, taken in the light most favorable to the plaintiff, are as follows: plaintiff Mathis arrived at Georgia Diagnostic and Classification State Prison ("GDCP") on December 5, 2006.  On January 24, 2007, he was assigned to Dorm 4 and assigned a kitchen work detail.  On the morning of January 26, 2007, he reported for his very first shift in the kitchen.  He began by working the serving line and was later moved to a station in the dish washing area.  Less than an hour later, when another inmate pushed a full rack of cups through an opening in the dining room wall and onto a dishwasher loading platform, plaintiff's finger was injured.  At the time of the injury, his hand was resting on the platform's rail.  When the full rack of cups came through the opening, it collided with and fractured a bone in the plaintiff's finger.

Plaintiff Mathis reported the incident and was taken to medical.  Following initial treatment and evaluation, he was given a referral for surgery, and on February 20, 2007, underwent corrective surgery.  On April 12, 2007, after several follow-up visits, the surgeon prescribed occupational/physical therapy.  After an allegedly improper delay, plaintiff's initial therapy consultation was scheduled for June 6, 2007.  On June 11, 2007, he began the prescribed therapy.

---

[1] The plaintiff also named Antoinette Gamble as a defendant though she has never been served.

On September 24, 2008, plaintiff filed the instant action. Tab #1. After his lawsuit was transferred to this court(Tab #4), and following an initial review, plaintiff was instructed to file (Tab #7) and did file an amended complaint (Tab #8). Therein, plaintiff Mathis alleges that the defendants failed to provide sufficient work detail training and were deliberately indifferent to his medical needs. As a result of this conduct, he claims that he will suffer a life-long finger disability. In response to these allegations, the defendants filed an answer and the instant motion seeking summary judgment.

## LEGAL STANDARDS

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>
> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## FAILURE TO PROTECT FROM DANGER

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood rather than a mere possibility before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989); *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ; *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

---

[2] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

MEDICAL TREATMENT OF PRISONERS

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). To establish deliberate indifference, the plaintiff must show three things: (1) that the government official had subjective knowledge of a risk of serious harm; (2) that the government official disregarded the risk; and (3) the government official did so by conduct that is more than gross negligence. *See Blanchard v. White County Detention Ctr. Staff*, 262 Fed. Appx. 959, 963 (11th Cir. 2008).

**DISCUSSION**

In this action, plaintiff Mathis asserts violations of his Eighth Amendment rights under two separate but related theories: the first appears to come under the rubric of failure to protect. Here, plaintiff argues that, in spite of relevant mandates in prison regulations, he was given no work related training prior to his being injured. He further contends that had he been given proper training, the incident that caused his injury may never have occurred. Based on these assertions, he assigns liability for his injury to defendant Warden Hilton Hall. Plaintiff's rationale is that Hall, in his capacity as a warden, is responsible for ensuring that regulations are complied with and that his failure to do so resulted in a constitutionally cognizable injury.

Plaintiff's second theory is one of medical deliberate indifference. Here, he avers that the defendants were deliberately indifferent to his serious medical needs insofar as they delayed providing the prescribed occupational/physical therapy treatments. He next concludes that because the delay occasioned by the defendants' conduct adversely impacted the rehabilitation of his finger, he has suffered a constitutional violation for which he is entitled to compensation.

After careful review, and with regard to the plaintiff's claim of failure to protect and/or train, his claim for relief relies solely upon the principle of *respondeat superior*. It is well settled, however, that supervisory officials are not liable under Section 1983 on the basis of *respondeat superior*. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, this claim must fail.

With regard to his claim of medical deliberate indifference, plaintiff Mathis' version of events is as follows. On March 15, 2007, after his cast and sutures were removed, the surgeon prescribed physical therapy. On April 22, 2007, having received no therapy, plaintiff requested a meeting with grievance coordinator Mr. Brown to discuss the issue. On April 28, 2007, having tried unsuccessfully to meet with Mr. Brown, plaintiff requested an opportunity to address the issue with defendant Lance. On May 7, 2007, plaintiff submitted a health service request. On May 9, 2007, he met with a nurse and repeated his complaint that he was not receiving therapy. On June 4, 2007, he learned that he was being transferred to Augusta State Medical Prison (ASMP). On June 11, 2007, he underwent his first therapy session. On July 14, 2007, he was involved in an altercation; as a result, he was assigned to protective custody. On August 2, 2007, plaintiff was transferred to Phillips State Prison. He claims that, to date, he has not received the prescribed course of physical therapy. Consequently, he avers that he continues to suffer problems with his finger for which he should be compensated.

In response, and in their motion seeking summary judgment, the defendants have submitted medical and other evidence which demonstrates the following: plaintiff Mathis was first prescribed physical therapy on April 12, 2007— not March 15, 2007. A request for plaintiff's initial consultation for physical therapy was submitted on April 13, 2007.[3] He was scheduled for an initial physical therapy consultation on June 6, 2007. The consultation and subsequent treatment were scheduled to occur at ASMP. Plaintiff was transferred to ASMP on June 5, 2007; he began therapy on June 11, 2007. The therapy continued until the plaintiff was transferred to Phillips State Prison on August 2, 2007. In light of these facts, the defendants contend that the plaintiff has failed to show any deliberate indifference on their part and that, as such, they are entitled to summary judgment. The undersigned agrees.

---

[3] Pertinent GDOC guidelines provide that routine initial consultations, including those for physical therapy, are to be scheduled within 60 days. As the plaintiff's initial consultation was requested on April 13, 2007 and scheduled for June 6, 2007, the sixty (60) day deadline was met.

Having carefully considered the arguments of the parties and the evidence of record pertaining to this claim, the undersigned finds that plaintiff Mathis has failed to meet his burden on summary judgment. He has failed to establish that during his incarceration at GDCP, the defendants did anything improper. As noted above, plaintiff was first prescribed therapy on April 12, 2007. In accordance with the relevant guidelines, a request for an initial physical therapy consultation was processed the following day. The initial consultation was then scheduled within the sixty (60) day time-frame provided in the guidelines. Prior to the plaintiff's consultation, he was transferred to ASMP. In light of these actions, coupled with the fact that upon being transferred to ASMP, the defendants no longer had any authority or control over plaintiff's medical treatment, there is simply no foundation for the plaintiff's claim of medical deliberate indifference.

In light of the foregoing, **IT IS RECOMMENDED** that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 9th day of FEBRUARY, 2010.



                                  CLAUDE W. HICKS, JR.
                                  UNITED STATES MAGISTRATE JUDGE